[Cite as *State v. Cheney*, 2026-Ohio-3062.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

BENJAMIN JAY CHENEY,

    DEFENDANT-APPELLANT.

CASE NO. 6-26-07

OPINION AND
JUDGMENT ENTRY

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20252032

Judgment Affirmed

Date of Decision: August 10, 2026

APPEARANCES:

    *Michael B. Kelley* for Appellant

    *Morgan S. Fish* for Appellee

**WILLAMOWSKI, J.**,

{**¶1**} Defendant-appellant Benjamin Jay Cheney ("Cheney") brings this appeal from the judgment of the Hardin County Common Pleas Court finding him guilty of multiple felonies and sentencing him on them. On appeal Cheney claims that his plea was not knowingly, intelligently and voluntarily entered because the trial court improperly advised him on the Reagan Tokes sentence and improperly advised him on his right to remain silent. For the reasons set forth below, the judgment is affirmed.

{**¶2**} On March 13, 2025, the Hardin County Grand Jury indicted Cheney on 13 counts: 1) Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(2), (C)(1)(c), a felony of the third degree; 2) Aggravated Possession of Drugs in violation of R.C. 2925.11(A), (C)(1)(b), a felony of the third degree; 3) Possessing Criminal Tools in violation of R.C. 2923.24(A), (C), a felony of the fifth degree; 4) Illegal Use or Possession of Drug Paraphernalia in violation of R.C. 2925.14(C)(1), (F)(1), a misdemeanor of the fourth degree; 5) Carrying a Concealed Weapon in violation of R.C. 2923.12(B)(1), (F)(3), a misdemeanor of the second degree; 6) Aggravated Possession of Drugs in violation of R.C. 2925.11(A), (C)(1)(b), a felony of the third degree; 7) Possession of Cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a felony of the fifth degree; 8) Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(2), (C)(1)(d), a felony of the first degree; 9)

Aggravated Possession of Drugs in violation of R.C. 2925.11(A), (C)(1)(c), a felony of the second degree; 10) Possession of Cocaine in violation of R.C. 2925.11(A), (C)(4)(a), a felony of the fifth degree; 11) Possessing Criminal Tools in violation of R.C. 2923.24(A), (C), a felony of the fifth degree; 12) Illegal Use or Possession of Drug Paraphernalia in violation of R.C. 2925.14(C)(1), (F)(1), a misdemeanor of the fourth degree; and 13) Endangering Children in violation of R.C. 2919.22(A), (E)(2)(a), a misdemeanor of the first degree. Along with the charges, there were numerous specifications added to these charges. Pursuant to a plea agreement, Cheney agreed to enter guilty pleas to Count 2, Count 9 and Count 13. In exchange for the guilty plea, the State agreed to dismiss the remaining counts and agreed to a joint sentence recommendation of two years for Counts 2 and 9.[1]

{¶3} On November 4, 2025, the trial court held a change of plea hearing. At the hearing the State informed the trial court as to the agreement and counsel for Cheney confirmed it was correct. Cheney was asked if he understood the agreement and he said he did. The trial court specifically asked Cheney if he was entering the plea "freely, knowingly, and voluntarily". Cheney informed that the trial court that he was entering his plea of his own free will. The trial court also discussed with Cheney his right to testify and his right to remain silent.

> The Court: You also have an absolute right to defend yourself, which you are giving up by entering this plea. What that means is, if you wanted to – nobody can force you to because you have a right to

---

[1] No sentence was recommended for Count 13 as any sentence for a misdemeanor would be served concurrent to a sentence imposed for a felony.

remain silent – but if you wanted to, you could at a trial come up here on the witness stand and tell your side of the story. Now if you did that, you would be subject to cross-examination and impeachment by the State just like any other witness, but do you understand you're giving up your right to do that by entering this guilty plea?

The Defendant: Yeah.

The Court: I mentioned that nobody could force you to do that because you have a right to remain silent, but if you enter this guilty plea you're also giving up or waiving your right to remain silent. Do you understand?

The Defendant: Yeah.

Change of Plea Tr. 18-19. The trial court also informed Cheney that by entering a guilty plea to Count 9, there would be a minimum and a maximum sentence.

The Court: Finally, I'm being told that you are entering a guilty plea to [Count 9], aggravated possession of drugs, which is a second-degree felony . . . . That is the most serious charge here. That has a minimum of two years; however, in this charge what will happen is even though you guys have a recommendation that I should give you the minimum sentence of two years, that minimum sentence could be two, three, four, five, six, seven, or eight years. And whatever I give you on the minimum, you will get added to that as a maximum, but one half of that will be added to the minimum to make it your maximum. That's an indefinite sentence. So in the joint sentencing recommendation, that means the minimum is two years to a maximum of three. So half of two is one, so that's how they came up with the three. And if I was to give you – I'm not saying I'm doing this. Don't panic. I'm just using this for example. If I gave you the maximum of eight years, that means your sentence would be eight to 12 years. Do you understand?

The Defendant: Yeah.
. . .

The Court: Okay. Do you understand that there is a presumption under the law that you will be released at the end of your minimum

-4-

term?  It's not guaranteed because a lot of that has to do with your behavior in prison, but the law presumes.  So if I follow the joint sentencing recommendation and gave you two to three years on this charge, assuming for the sake of argument and clarity here that I would run everything concurrent, there's a presumption under the law that you would be released after two years.  Do you understand?

The Defendant:  Yes.

The Court:  Okay.  If I was to run all the terms consecutive, you understand that the minimum term of incarceration will be the sum of all the minimum terms imposed upon you?

The Defendant:  Yeah.

The Court:  And that would be the aggregate minimum term, and the maximum that you would serve will be the aggregate minimum term plus 50 percent of the longest minimum term imposed.  Okay. . . .

The Defendant:  Yeah.

. . .

The Court:  . . . Do you understand that it is presumed that you will be released at the end of your minimum term, which I think I already went over with you, and that that presumption is rebuttable if the Ohio Department of Corrections keeps you for longer for your behavior in prison following an administrative hearing?

The Defendant:  Yes.

The Court:  Do you understand if you're not released when your minimum term ends, you will serve an additional specified period of time and given a new release date?

The Defendant:  Yes.

The Court:  And you will be released on that date unless you were again denied release.

The Defendant:  Yes.

The Court: The Court has nothing to do with any of that. That's all administrative. And that this process could repeat until you were released or finish your maximum term.

The Defendant: Yes.

The Court: Do you understand that you must be released at the end of your maximum term?

The Defendant: Yes.

Change of Plea Tr. 25-31. After this dialogue with the trial court, Cheney signed the plea agreement and initialed beside the line which indicated that for Count 9, the trial court would "select a term of 2, 3,4, 5, 6, 7, or 8 years, and the terms selected will be used to calculate the minimum and maximum term of incarceration" to be imposed. The trial court also informed Cheney that he was not bound by the jointly recommended sentence and could choose to impose a different sentence. Cheney then entered pleas of guilty to Counts 2,9, and 13. The trial court then accepted the guilty pleas and found Cheney to be guilty. The trial court ordered a presentence investigation be completed and scheduled sentencing for a later date.

{¶4} On December 10, 2025, the trial court held the sentencing hearing. The trial court imposed a prison term of 30 months for Count 2, a prison term of 5 to 7.5 years for Count 9, and 180 days incarceration for Count 13. All three sentences were ordered to be served concurrently for an aggregate prison term of 5 to 7.5 years. The remaining counts of the indictment were dismissed at the

recommendation of the State. Cheney appealed from this judgment and raised the following assignments of error on appeal.

**First Assignment of Error**

**The trial court erred when it accepted [Cheney's] guilty plea as that plea was not knowingly, intelligently, and voluntarily given because the trial court improperly advised [Cheney] on the Regan Tokes sentence.**

**Second Assignment of Error**

**The trial court erred when it accepted [Cheney's] guilty plea as that plea was not knowingly, intelligently, and voluntarily given because the trial court improperly advised [Cheney] on the right to remain silent.**

{¶5} Both assignments of error claim that the plea was not knowingly, intelligently, and voluntarily given. "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Ohler*, 2022-Ohio-4066, ¶ 5 (3d Dist.).

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury

-7-

trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilty beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2). "In addition to these constitutional rights, the trial court must determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea." *State v. Montgomery,* 2016-Ohio-5487, ¶ 41. When determining whether a violation of Criminal Rule 11 is present, there are three questions that must be decided: 1) has the trial court complied with the relevant portions of the rule; 2) if there is not full compliance, is the failure of the type to excuse a showing of prejudice; and 3) if a showing of prejudice is required, has the defendant carried the burden. *State v. Dangler*, 2020-Ohio-2765, ¶ 17.

{¶6} The failure to properly advise a defendant of the constitutional rights set forth in Criminal Rule 11(C)(2) results in a presumption that the plea was involuntary and unknowing, negating the need to show prejudice. *Id.* at ¶ 14. However, "when a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *Id.* One additional exception to the prejudice requirement is when a trial court completely fails to comply with a portion of Criminal Rule 11(C). *Id.* at ¶ 15.

*Reagan Tokes Sentence Advisement*

{¶7} In the first assignment of error, Cheney argues that the trial court erred by failing to properly advise him of the Reagan Tokes Sentence. Specifically, Cheney claims that the trial court did not advise him of the possible maximum with the tail added and that he did not discuss the impact of Reagan Tokes on post release control ("PRC").

{¶8} Cheney first claims that the trial court erred by failing to properly advise him of what the maximum sentence on the indefinite sentence would be. The term "maximum penalty" is the "heaviest punishment permitted by law." *State v. Ratcliff*, 2026-Ohio-1357, ¶ 13 (3d Dist.). When imposing a prison term for most second degree felonies, an Ohio trial court must "impose an indefinite sentence with a stated minimum term as provided in R.C. 2929.14(A) and a calculated maximum term as provided in R.C. 2929.144." *State v. Lee*, 2021-Ohio-3918, ¶ 10 (1st Dist.). The failure to advise a defendant about indefinite sentencing raises the issue of whether the trial court completely failed to comply with the maximum penalty portion of Criminal Rule 11(C)(2)(a). *Ratcliff* at ¶ 14.

{¶9} The notification requirements for an indefinite sentence are set forth in R.C. 2929.19(B)(2)(c).

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

R.C. 2929.19(B)(2)(c).  A review of the record shows that the trial court properly advised Cheney and complied with this statute.  Cheney does not dispute this, instead focusing on the maximum sentence requirement of Criminal Rule 11.

{¶10} Here, as discussed above, the trial court properly told Cheney that if he imposed a prison term for Count 9, it would be an indefinite sentence.  The trial court explained how indefinite sentences worked and asked Cheney if he understood, to which Cheney indicated he did.  The trial court also informed Cheney

that the longest minimum sentence he could impose would be eight years. He then explained that if the trial court were to impose a prison term of eight years, it would mean his sentence would be eight to 12 years. The trial court also advised Cheney that if he were to run the sentences consecutive to each other, the minimum sentence would be the sum of the minimum terms and the maximum would be "the aggregate minimum term plus 50 percent of the longest minimum term imposed." Change of Plea Tr. 27. When asked if he understood all of this, Cheney indicated he did. The record clearly indicates that the trial court did inform Cheney of what the possible maximum sentence could be. Thus, no violation of Criminal Rule 11 occurred regarding advising Cheney as to what the possible maximum sentence could be.

{¶11} Cheney also argues that the trial court erred by not advising him how the Reagan Tokes Act affects PRC. Before accepting a guilty plea, a trial court must inform a defendant that if a guilty plea is accepted and the trial court imposes a prison term, PRC may/shall apply. R.C. 2943.032(A). The trial court personally must inform the defendant that if the defendant were to violate the conditions of PRC, the parole board may impose sanctions which "includes a new prison term of up to nine months, subject to a maximum cumulative prison term for all violations that does not exceed . . . one-half of the minimum prison terms included as part of the stated non-life felony indefinite prison term originally imposed on the offender." R.C. 2943.032(A). PRC is considered to be a part of the maximum penalty involved in an offense for which the prison term is imposed. *State v. Crosswhite*, 2006-Ohio-

1081, (8th Dist.). The failure to notify a defendant at the change of plea hearing that the defendant may/will be subject to PRC requires the plea to be vacated. *State v. Perdue*, 2004-Ohio-6788 (2d Dist.).

{¶12} A review of the record shows that the trial court in this case did advise Cheney that he was subject to a mandatory term of 18 months to three years of PRC prior to accepting the guilty plea. The trial court also advised Cheney that if he were to violate the terms of PRC, the parole board could impose a prison term of up to nine months for each violation, "not to exceed one half of your originally-stated prison term". Change of Plea Tr. 32. Additionally, the change of plea document signed by Cheney explained that he would be subject to PRC and warned of potential prison terms for violation of PRC. At the change of plea hearing, the trial court did not specify what the maximum PRC prison terms could be. However, since there was no sentence at that time, the trial court could not know what that number would be. Instead, the trial court complied with R.C. 2943.032(A) and told him how the maximum would be calculated.

{¶13} Even if we were to say that the trial court should have told Cheney the maximum additional prison time that could be imposed for violations of PRC, we do not find that the trial court failed to fully comply with the requirements. The requirement that one be informed of PRC is not a constitutional right, but rather part of the notification of the maximum sentence required by Criminal Rule 11(C)(2)(a). As it is not a constitutional violation, Cheney would have to show he was prejudiced

by the trial court's omission to merit his plea being vacated. The trial court did advise Cheney that he would be subject to PRC, advised him of the length, and advised him that he could have additional prison time imposed for violations of the conditions of PRC. At the sentencing hearing, the trial court again told Cheney about PRC and that the maximum amount of additional prison time was one half of his sentence. Thus, the trial court has substantially complied with the requirements of 11(C)(2)(a). While the trial court could have been more specific as to what the maximum additional prison term could be, Cheney suffered no prejudice by the trial court's failure to do so. The first assignment of error is overruled.

*Right to Remain Silent Advisement*

{¶14} Cheney alleges in the second assignment of error that the trial court failed to properly advise him of his right to remain silent. Pursuant to Criminal Rule 11(C)(2)(c), the trial court is only required to notify him that he has the right to "require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself". As noted above, the trial court did inform Cheney he had a right to remain silent and no one could force him to testify. While the trial court may have used different verbiage, he fully advised Cheney that he could not "be compelled to testify against himself" as set forth in Criminal Rule 11. Additionally the waiver of rights and plea of guilty signed by Cheney stated the following:

f. Right to remain silent. Exercise of that right cannot be commented on by the State. I know that at trial I would not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify.

Doc. 40 at 3. Cheney placed his initials beside this waiver of rights. Given the record before us, this Court does not find that Cheney was not properly advised of his right not to have his testimony compelled. The second assignment of error is overruled.

{¶15} Having found no errors prejudicial to the Appellant in the particulars assigned and argued, the judgment of the Hardin County Common Pleas Court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and WALDICK, J., concur.**

Case No. 6-26-07

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  *See* App.R. 30.

_____
John R. Willamowski, Judge


_____
William R. Zimmerman, Judge


_____
Juergen A. Waldick, Judge

DATED:
/hls

-15-